IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH MICHAEL NEAL, #196 887, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>VENTRESS CORRECTIONAL )<br>FACILITY, *et al.*, )<br>)<br>   Defendants. ) | CIVIL ACTION NO. 2:17-CV-525-MHT<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this 42 U.S.C. § 1983 complaint on August 2, 2017. After reviewing the complaint and finding it deficient regarding his claims against the named defendants, the court determined Plaintiff should be provided an opportunity to cure the deficiency. On November 9, 2017, the court entered an order explaining the deficiency and providing Plaintiff with specific instructions regarding filing an amendment to the complaint. Doc. 9. The court cautioned Plaintiff his failure to comply with the directives of the November 9 order would result in a recommendation that this case be dismissed. Doc. 9 at 2.

The time allowed to Plaintiff to file the amendment to his complaint expired on December 11, 2017. *See* Doc. 10. As of the present date, Plaintiff has failed to file an amendment to the complaint as required by this court. Because of Plaintiff's failure to file the amendment, as ordered, the court concludes this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837

(11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for failure of Plaintiff to file an amendment to the complaint as ordered by the court.

It if further ORDERED that **on or before February 2, 2018**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects.  Plaintiff is advised that frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 19th day of January, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE